UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Ellaina Swallows,** on behalf of herself and all other persons similarly situated, known and unknown,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>**Double S Chili, Inc**.<br><br>　　　　　　　　Defendant. | No.<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff, Ellaina Swallows ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former servers of Defendant, and by and through the undersigned attorney(s), sue the Defendant, Double S Chili, Inc. ("Defendant" or "Double S Chili") and alleges as follows:

**PRELIMINARY STATEMENT**

1.　　　This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2.　　　This lawsuit also arises under Ohio Revised Code Ann. § 4111.01 for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

3.　　　Plaintiff brings this action on behalf of herself and all similarly-situated current and former servers of Defendant who were compensated at a rate of less than the applicable Ohio and federal minimum wage on account of receiving tips in a given workweek.

1

4.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for its unlawful failure to pay minimum wage and overtime due and owing Plaintiff and others similarly-situated in violation of Ohio Revised Code § 4111.01.

6.      Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated servers, current and former, of Defendant.  Members of the Collective Action are referred to as the "Collective Members."

7.      Additionally, Defendant's failure to compensate Plaintiff and all other non-exempt servers and/or bartenders at a rate equal to Ohio's required minimum wage violates Ohio Revised Code § 4111.01.  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Ohio wage laws.  Members of the Rule 23 Class Action are referred to as the "Class Members."

8.      The Collective Members are all current and former servers and bartenders who were employed by Defendant at any time starting three years before this Complaint was filed, up to the present.

9.      The Class Members are all current and former servers and/or bartenders who were employed by Defendant in Ohio at any time starting three years before this Complaint was filed, up to the present

10.      Defendant owns and operates a chain of Skyline Chili restaurants which are the subject of this lawsuit.

11.     Defendant has a policy or practice of paying its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

12.     Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is ***unrelated*** to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped that is ***related*** to the employees' tipped occupation such as cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses more than "part of the time" or "occasionally". 29 C.F.R. §531.56(e) ("Dual Jobs" regulation); *Osman v. Grube*, Case No. 16-cv-802, (N.D. Ohio, July 7, 2017) citing favorably to *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time"); *O'Neal v. Denn-Ohio, LLC*, 2020 WL 210801, at *10 (N.D. Ohio January 14, 2020).

13.     Moreover, Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

14.     Defendant violated the FLSA and Ohio law by enforcing a policy or practice of paying Plaintiff, the Collective Members and the Class Members sub-minimum, tip-credit wages

even when it required those employees to perform non-tipped work that is ***unrelated*** to their tipped occupation (i.e., "dual jobs").

15. Defendant violated the FLSA and Ohio law by enforcing a policy and practice of paying Plaintiff, the Collective Members and the Class Members sub-minimum, tip-credit wages while requiring those employees to perform work that does not provide service to customers for which tipped employees receive tips and does not directly support tip-producing work.

16. Defendant violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant required such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Members' time worked in one or more individual workweeks.

17. Defendant violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed for more than thirty (30) continuous minutes.

18. Defendant violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers to perform non-tipped work that, while directly supporting tip-producing work, exceeded 20 percent of Plaintiff's, the Collective Members' and the Class Members' time in any given workweek.

19. Defendant violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant required such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous

to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Members' time worked in one or more individual workweeks.

20.     According to the Department of Labor's ("DOL") Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

21.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the tipped employee.

22.     Second, the employer must notify the tipped employee of the amount the employer is claiming as a tip credit.

23.     Third, the employer must inform the tipped employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee. In effect, the employer must inform the employee that the employee must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

24.     Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

25.     Finally, the tipped employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

26.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[1] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

---

[1] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

27.     Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount of cash wage that Defendant would be paying them prior to taking the tip credit.

28.     Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount that Defendant would be claiming as a tip credit prior to taking the tip credit.

29.     Defendant violated the FLSA and Ohio by failing to inform Plaintiff, the Collective Members, and the Class Members that they must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

30.     Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members that notify that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

## JURISDICTION AND VENUE

31.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

33.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Collective Members, and the Class Members occurred within the Southern District of Ohio, and Defendant regularly conducts business in and has

engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

34.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

35.     Plaintiff individual residing in Greene County, Ohio, and is a former employee of Defendants.

36.     Plaintiff was employed as a server at Defendant's Skyline Chili restaurant located at 945 S Main St, Centerville, Ohio 45458 from April 1, 2022 until approximately October 21, 2023.

37.     At all material times, Plaintiff was paid by Defendant as a tipped employee under the FLSA and Ohio.

38.     Defendant employed Plaintiff performed various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

39.     At all material times, Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

40.     Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

41.     At all material times, Defendant Double S Chili, Inc. was a corporation duly licensed to transact business in the State of Ohio.

42. Double S Chili does business, has offices, and/or maintains agents for the transaction of its customary business in Montgomery County, Ohio.

43. Double S Chili is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

44. Under the FLSA, Double S Chili is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Double S Chili had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant. Having acted in the interest of Double S Chili in relation to the company's employees, including Plaintiff, Double S Chili is subject to liability under the FLSA.

45. At all material times, Defendant is Plaintiff's and the Class Members' "employer," as defined by Ohio Revised Code Ann. § 4111, *et seq.*

**DEFENDANT IS A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"**

46. Defendant owns and operates a chain of franchised Skyline Chili restaurants.

47. At all material times, Defendant has operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Skyline Chili restaurants.

48. Defendant is engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Skyline Chili restaurants.

49.     Defendant constitutes a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

50.     Defendant runs each Skyline Chili restaurant identically, or virtually identically, and Defendant's customers can expect the same kind of customer service regardless of the location.

51.     Defendant shares employees between restaurant locations.

52.     Defendant shares common management between restaurant locations. The Skyline Chili restaurants share common human resources and payroll services.

53.     Defendant uses the trade name "Skyline Chili" at all of their restaurant locations.

54.     Defendant's restaurants are advertised on the same website.

55.     Defendant provides the same array of products and services to its customers at its Skyline Chili restaurant locations.

56.     This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

57.     Part of that set formula is the wage violations alleged in this complaint.

## STATEMENT OF FACTS

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

60.     At all material times, Plaintiff and the Class Members, in their work for Defendant, were employed by an enterprise engaged in commerce that has annual gross volume

of sales made for business in excess of $372,000 exclusive of excise taxes at the retail level which are separately stated.

61.     Defendant paid Plaintiff, the Collective Members, and the Class Action Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

62.     Defendant regularly and frequently required Plaintiff, the Collective Members and the Class Members to perform a number of non-tipped duties ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, including but not limited to: restocking bowls, plates, and spoons; filling and washing containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-go cups; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiments; stocking plates and bowls; cleaning POS screens; wiping counters; cleaning to-go station walls; cleaning to-go station; breaking down and cleaning beverage machines; filling sugar caddies; stocking beverage stations; mopping the dining room; mopping BOH areas; and filling all sauces.

63.     Defendant paid Plaintiff, the Collective Members and the Class Members a sub-minimum wage for all hours that they worked for Defendant, including the periods during which

Plaintiff, the Collective Members and the Class Action Members were performing non-tipped duties.

64. Defendant regularly and frequently required Plaintiff, the Collective Members and the Class Members to perform a number of non-tipped duties *related* to their tipped occupation and directly supporting tip-producing work, including but not limited to: refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

65. Defendant required Plaintiff, the Collective Members and the Class Members to perform such *related* non-tipped tasks more than occasionally or part of the time.

66. Defendant required Plaintiff, the Collective Members and the Class Members to perform such *related* non-tipped tasks for unreasonable amounts of time that were not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Members' time worked in one or more individual workweeks.

67. Defendant required Plaintiff, the Collective Members and the Class Members to perform such *related* non-tipped tasks for periods of time that were greater than thrity continuous minutes.

68. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount of cash wage that Defendant would be paying them prior to taking the tip credit.

69. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount that Defendant would be claiming as a tip credit prior to taking the tip credit.

70. Defendant violated the FLSA and Ohio by failing to inform Plaintiff, the Collective Members, and the Class Members that they must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

71. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members that notify that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

74. Plaintiff assert those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendant, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendant's compensation policies and practices.

75. Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendant in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

76. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendant within three years from the filing of this Complaint.

77. Upon information and belief, Defendant has employed hundreds of tipped employees during the period relevant to this action.

78. The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

79. Because these similarly situated tipped employees are readily identifiable by Defendant and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

80. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## OHIO CLASS ACTION ALLEGATIONS

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. Plaintiff brings her Ohio wage claims as a Rule 23 class action on behalf of the following Class Members:

> **The Class Members are all of Defendant's current and former servers who worked in Ohio and were paid an hourly rate of less than the Ohio minimum wage on account of their receiving tips, starting three years before this lawsuit was filed up to the present.**

83. <u>Numerosity</u>. The number of Class Members is believed to be over one hundred. This volume makes bringing the claims of each individual Class Member before this Court impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Members will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Defendant.

84. <u>Typicality</u>. Plaintiff's claims are typical of the Class Members because like the Class Members, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as the other Class Members. Defendant regularly failed to compensate Plaintiff and the Class Members the proper minimum wage.

85. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

86. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

      a.      Whether Defendant took a tip credit for impermissible non-tipped tasks;

      b.      Whether Defendant took a tip credit for impermissible periods of time; and

      c.      Whether Defendant took a tip credit without first complying with all notice requirements.

87. Common issues of law include, but are not limited to:

      a.   Whether Defendant properly paid all minimum wages due and owing to Plaintiff and the Class Members;

      b.   Whether Defendant was entitled to impose a tip credit on the wages of Plaintiff and the Class Members;

      c.   Whether Plaintiff and the Class Members are entitled to compensatory damages; and

      d.   The proper measure of damages sustained by Plaintiff and the Class Members.

88.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

89.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.

Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendant's records.

90.     This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees; (3) the burden is on Defendant to accurately record hours worked by employees; and (4) the burden is on Defendant to prove it properly imposed the tip credit upon its employees.

91.     Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Class Members according to applicable Ohio laws.

## COUNT ONE: REQUIRED LABOR WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND IS NOT IN DIRECT SUPPORT OF TIP PRODUCING WORK UNDER THE FLSA

92.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.     Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, including but not limited to: restocking bowls, plates, and spoons; filling and washing containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing

toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-go cups; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiments; stocking plates and bowls; cleaning POS screens; wiping counters; cleaning to-go station walls; cleaning to-go station; breaking down and cleaning beverage machines; filling sugar caddies; stocking beverage stations; mopping the dining room; mopping BOH areas; and filling all sauces.

94.     Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendant was aware of the FLSA's minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

95.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Ellaina Swallows, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest,

reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF THE FLSA

96.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97.     Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor *related* to or in direct support of their tip-producing work more than "part of the time" or occasionally.

98.     Plaintiff and the Collective members performed such *related* non-tipped labor for unreasonable amounts of time that we not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek.

99.     Plaintiff and the Collective Members performed such *related* non-tipped labor for periods of time greater than thirty continuous minutes.

100.    Examples of such non-tipped labor *related* to their tipped occupation of servers include, but are not limited to, refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

101.    Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate federal law and Defendant was aware of the FLSA's minimum wage

requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

102. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Ellaina Swallows, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: IMPROPER FLSA TIP CREDIT NOTICE

103. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

104. Plaintiff and the Collective Members were paid a tip credit wage at all relevant times.

105. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that Defendant would be paying them at least $2.13 per hour prior to taking the tip credit.

106. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that Defendant would be claiming a tip credit not to exceed $5.12 per hour prior to taking the tip credit.

107. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that they must still earn at least $7.25 per hour between the amount of the tip credit taken

by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Collective Members' wages.

108. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's and the Collective Members' wages.

109. Defendant knew that – or acted with reckless disregard as to whether – its taking a tip credit against Plaintiff's and the Collective Members' wages prior to providing all notice requirements would violate federal law, and Defendant was aware of the FLSA's minimum wage requirements during Plaintiff's and the Collective Members' employment with Defendant. As such, Defendants' conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiff, Ellaina Swallows, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: REQUIRED WORK WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND IS NOT IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF OHIO LAW

110. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111. Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and

the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

112.    Defendant violated Ohio law by requiring Plaintiff and the Class Members in a given workweek, and during each and every workweek Plaintiff and the Class Members were employed by Defendant, to perform non-tipped labor ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, including but not limited to: restocking bowls, plates, and spoons; filling and washing containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-go cups; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiments; stocking plates and bowls; cleaning POS screens; wiping counters; cleaning to-go station walls; cleaning to-go station; breaking down and cleaning beverage machines; filling sugar caddies; stocking beverage stations; mopping the dining room; mopping BOH areas; and filling all sauces.

113.    Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate Ohio law and Defendant was aware of the Ohio's minimum wage requirements during Plaintiff's and

the Class Members' employment. As such, Defendant's conduct constitutes a willful violation of Ohio law.

114. Plaintiff and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to two-times all such unpaid wages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Ellaina Swallows, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an treble damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FIVE: EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF OHIO LAW

115. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

116. Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

117. Defendant violated Ohio law by requiring Plaintiff and the Class Members in a given workweek, and during each and every workweek Plaintiff and the Class Members were employed by Defendant, to perform non-tipped labor *related* to or in direct support of their tip-producing work more than "part of the time" or occasionally.

118.     Plaintiff and the Class Members performed such *related* non-tipped labor for unreasonable amounts of time that we not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek.

119.     Plaintiff and the Class Members performed such *related* non-tipped labor for periods of time longer than thirty continuous. Minutes.

120.     Examples of such non-tipped labor *related* to their tipped occupation of servers include, but are not limited to, refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

121.     Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate Ohio law and Defendant was aware of Ohio's minimum wage requirements during Plaintiff's and the Class Members' employment. As such, Defendant's conduct constitutes a willful violation of the Ohio law.

122.     Plaintiff and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to two-times all such unpaid wages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Ellaina Swallows, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Members' favor, and against Defendants for compensation for unpaid minimum wages, plus treble damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT SIX: IMPROPER OHIO TIP CREDIT NOTICE

123.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

124.    Plaintiff and the Collective Members were paid a tip credit wage at all relevant times.

125.    In 2022, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be paying them at least $4.65 per hour prior to taking the tip credit.

126.    In 2022, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be claiming a tip credit not to exceed $4.65 per hour prior to taking the tip credit.

127.    In 2022, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that they must still earn at least $9.30 per hour between the amount of the tip credit taken by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Class Members' wages.

128.    In 2023, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be paying them at least $5.05 per hour prior to taking the tip credit.

129.    In 2023, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be claiming a tip credit not to exceed $5.05 per hour prior to taking the tip credit.

130.    In 2023, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that they must still earn at least $10.10 per hour between the amount of the tip credit taken by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Class Members' wages.

131.    At all relevant times, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's and the Class Members' wages.

132.    Defendant knew that – or acted with reckless disregard as to whether – its taking a tip credit against Plaintiff's and the Class Members' wages prior to providing all notice requirements would violate state law, and Defendant was aware of the Ohio's minimum wage requirements during Plaintiff's and the Class Members' employment with Defendant. As such, Defendant's conduct constitutes a willful violation of Ohio law.

**WHEREFORE**, Plaintiff, Ellaina Swallows, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Members' favor, and against Defendant for compensation for unpaid overtime wages, plus treble damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this December 14, 2023.


SIMON LAW CO.

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/      *James L. Simon*